﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 190605-11299
DATE: May 29, 2020

REMANDED

The claim of entitlement to service connection for a lumbar spine disability is remanded.

REASONS FOR REMAND

The Veteran served on active duty from July 1982 to July 1985, and from July 1986 to February 1988.

This appeal is being reviewed under the newer framework for deciding appeals, the Appeals Modernization Act (AMA), which was enacted in 2019.

This appeal to the Board is from a May 2019 statement of the case, issued under the legacy framework for reviewing appeals, after which the Veteran opted into the newer program in June 2019 by filing an appeal to the Board with a request for direct review. Under the direct review option, the record is closed, and the Board may not conduct additional development except to the extent that it identifies an error in the duty to assist made by the AOJ (agency of original jurisdiction) prior to the issuance of the decision on appeal. 

Here, the Board has identified an error in the duty to assist, and this claim must be remanded to remedy it, as discussed below.

The claim of entitlement to service connection for a lumbar spine disability is remanded.

The Veteran was given a VA examination in October 2017. That examiner opined against a relationship between the Veteran’s herniated disc, spondylosis, spinal stenosis, bulging disc, and IVDS, and his service, opining these were more likely to be related to a motor vehicle accident following service. She went on to opine that it was as likely as not that the Veteran developed a lumbar strain while in service; however, it is not clear that she is opining that his current lumbar strain incepted during service. 

Further, she did not provide any opinion as to whether the lumbar strain, which she opined he had during service, was related to his current herniated disc, spondylosis, spinal stenosis, bulging disc, and IVDS. See El-Amin v. Shinseki, 26 Vet. App. 136 (2013). 

The opinions contained within the October 2017 VA examination opinion are adequately explained, but the report itself is incomplete without these additional issues considered. Accordingly, it was a duty to assist error to have failed to obtain these clarified opinions in order to completely address the evidence on review. The Board may remand this appeal in order to remedy that failure.

The matters are REMANDED for the following action:

Forward the claims file to an appropriate examiner for an opinion on whether it is as likely as not (50/50 probability or greater) that any of the Veteran’s lumbar spine disabilities are related to his service. The examiner is asked to review the record prior to opining.

The October 2017 VA examiner opined that it was as likely as not that the Veteran developed a lumbar strain during his active duty service, based upon his complaints at separation of occasional low back pain after standing for prolonged periods. She did not adequately address whether his current lumbar strain is related to the strain she opined incepted while in service.

Further, the October 2017 VA examiner did not address whether the lumbar strain that she opined started in service caused or aggravated his current herniated disc, spondylosis, spinal stenosis, bulging disc, and IVDS.

The examiner opined that the current herniated disc, spondylosis, spinal stenosis, bulging disc, and IVDS were more likely due to a motor vehicle accident after service, but that does not foreclose the possibility that these disabilities were aggravated by injuries or diagnoses in service. “Aggravated” means to have caused any increase in severity that is beyond the normal progression of the disability, and it need not be permanent in nature.

The Veteran asserts that low back pain is related to a parachuting jump, and that he has had back pain since his service. His treating physician has offered an opinion in favor of service connection, which the examiner is asked to consider.

All opinions must be accompanied by explanation. 

 

It is up to the discretion of the examiner as to whether a physical examination is also required to render an opinion. If so, the examiner is asked to notify the scheduling authority.

 

 

Nathaniel J. Doan

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Gibson

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.